(C.D. 2168)

ARTHUR SALM, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Dated April 14, 1960)

*Wallace & Schwartz* (*Joseph Schwartz* of counsel) for the plaintiff.
*George Cochran Doub,* Assistant Attorney General (*Richard H. Welsh,* trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: This protest has been limited to the item identified on the invoice by the number 35151, consisting of three cases, numbers 3526/1-3, containing 900 pieces described as "Pict.-frames (leather chief value)."

The merchandise was assessed with duty at the rate of 20 per centum ad valorem under the provisions of paragraph 1531 of the Tariff Act of 1930, as modified by the Presidential proclamation relating to the protocol of terms of accession by Japan to the General Agreement on Tariff and Trade, T.D. 53865, supplemented by T.D. 53929. That proclamation reduced the rate of duty on certain named leather cases and similar flat leather goods in chief value of leather other than reptile leather classifiable under paragraph 1531, Tariff Act of 1930.

The protest claim is that the merchandise is properly dutiable at the rate of 11½ per centum ad valorem under the provision in said paragraph, as modified by T.D. 54108, for manufactures of leather (except reptile leather), not specially provided for, other than the manufactures named therein.

When the protest was called for trial, counsel for the plaintiff and for the defendant stipulated that the imported merchandise did not, in fact, consist of any of the leather cases named in the provision under which duty had been assessed, or similar flat leather goods, and that the picture frames in question were, in fact, in chief value of leather other than reptile leather. Counsel then went on to say:

* * * and also purely for the information of the court, that they would now be advisorily classified at 11½ per cent under paragraph 1531 of the Tariff Act, as modified by trade agreement, which was the rate in effect at the time of entry, and also that they would now be liquidated at that rate.

While it seems obvious that counsel for the parties intended to present to the court a stipulation of fact on the basis of which the court would be warranted in issuing a judgment in favor of the plaintiff's protest claim, it appears to us that the stipulation in this case falls short of effectuating that purpose.

The stipulation, in essence, is a recital of a number of things which the leather picture frames at bar are *not*, and counsel evidently assumed that if the articles in issue are none of the named things they would automatically take classification under the provision in paragraph 1531, as modified by T.D. 54108, for manufactures of leather, not specially provided for.

Paragraph 1531, as modified, covers a great many different articles, and a stipulation that the articles at bar are not *some* of those articles is insufficient to establish that the said articles are properly

classifiable under the general provision in said paragraph for manufactures of leather, not specially provided for.

The matter which follows the words "and also purely for the information of the court," we consider to be purely gratuitous and not to consist of such matter of fact or law as would bind the court to render a judgment in accordance therewith.

The plain fact is that there could be, at one time, i.e., the time of importation, only one correct classification for the merchandise at bar. Consequently, if the correct classification of the merchandise at that time was as manufactures of leather, not specially provided for, dutiable at 11½ per centum ad valorem, then the classification adopted by the collector, as flat leather goods, dutiable at 20 per centum ad valorem, was incorrect or erroneous.

If the representatives of the defendant, including the collector and the attorney for the defendant, are satisfied that the collector's classification was erroneous, that fact should be made plain. The statements as to what the collector would "now" do by way of classification and liquidation are a species of circumlocution seemingly designed to avoid the simple truth that the classification was erroneous and to cast upon the court the burden of assuming, by implication, a fact which ought to be made the subject of direct expression.

If the representatives of the defendant, including the collector and the attorney for the defendant, are not satisfied that the collector's classification was erroneous, then the stipulation is meaningless or an attempt to place an unwarranted burden upon the court.

For these reasons, the submission of this case is set aside, and it is restored to the Chicago calendar of this court for all purposes.

Order accordingly.